¶ 1. Eddie Black filed this appeal following dismissal of his petition for post-conviction relief by the Circuit Court of Lee County. Black comes before this Court, pro se, asserting five issues which we quote verbatim: "(1) the court erred in convicting Black on charges of sell [sic] of cocaine which he had not been legally indicted on, (2) no `marked Filed' indictment, (3) no lab report in the records to prove the substance was cocaine, (4) date of the crime, date the indictment was signed, and (5) ineffective assistance of counsel."
 FACTS ¶ 2. A Lee County grand jury returned two indictments against Eddie Black for the sale and transfer of cocaine, one sale being within fifteen hundred feet of a public school. Soon afterwards, he appeared before the court with counsel and entered pleas of guilty to both charges. The court accepted his pleas and sentenced him on the first indictment to twenty years of imprisonment with twelve years suspended *Page 1164 
upon good behavior. He was sentenced to twenty years on the second indictment with the entire twenty years suspended and the sentence to run concurrently with the sentence on the first indictment. Approximately eight months later, Black filed a motion for post-conviction relief with the Circuit Court of Lee County. This motion appears to challenge only the conviction on the first indictment. The court summarily dismissed the motion. This appeal followed.
 ANALYSIS AND DISCUSSION OF THE ISSUES ¶ 3. Although Black raises five issues in his appellate brief, only issues one, two, four and five were raised in the court below. Therefore, we will address only these four issues, and for purposes of discussion, issues one, two and four will be combined. Issue three is procedurally barred as the law is well settled in this state that an appellant cannot present on appeal issues which were not first presented to the trial court. Douglas v. Blackmon, 759 So.2d 1217 (¶ 9) (Miss. 2000). However, even if we were to look beyond the procedural bar, we would find issue three lacking in merit, for as discussed in issue one below, the matter complained of in issue three was waived when Black entered his guilty pleas.
 1. The Indictment ¶ 4. Black alleges that he was found guilty of the sale and transfer of cocaine without first being legally indicted for the offense. His attack on the legality of the indictment is tri-fold: the indictment was returned by the grand jury for the May 1999 term of court but the indictment is dated April 16, 1999, the indictment is not marked "filed," and the date of the commission of the crimes is incorrect. Additionally, Black contends that the indictment was not served on him.
 ¶ 5. We have reviewed the record, and it is clear Black was in fact indicted. While the indictment contained in the record does not bear a file stamp, it is signed by an assistant district attorney, the foreman of the grand jury and a deputy clerk; it contains this notation: "Filed and Recorded 16th day of April, 1999." Consequently, Black's broadside attack on the indictment is wholly without merit. Assuming, without deciding, that the indictment is defective in someway, Black still cannot prevail because a guilty plea waives all defects in an indictment with two exceptions: (1) failure to charge an essential element of a criminal offense and (2) subject matter jurisdiction. Jefferson v. State,556 So.2d 1016, 1019 (Miss. 1989). Black's complaints with the indictment concern procedural matters which were waived by his plea of guilty.
 2. Ineffective Assistance of Counsel ¶ 6. Strickland v. Washington, 466 U.S. 668 (1984), provides the criteria by which any claim of ineffective assistance of counsel is judged. A claimant must satisfy a two prong test: (1) that his counsel's performance was deficient, and (2) that this supposed deficient performance prejudiced his defense. Id. at 687. This test is reviewed under the strong but rebuttable presumption that an attorney is competent and his conduct is reasonable. Leatherwood v. State, 473 So.2d 964, 968
(Miss. 1985). The burden to prove both prongs of the test rests with the defendant. McQuarter v. State, 574 So.2d 685, 687 (Miss. 1990). The application of the Strickland test is done with deference to counsel's performance, considering the totality of circumstances to determine whether counsel's actions were both *Page 1165 
deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss. 1996).
 ¶ 7. Black's claim that his counsel was ineffective is premised totally on the assumption that the indictment was defective and that his counsel failed to discern and raise the errors prior to allowing him to plead guilty. We have already determined that the indictment was not legally defective, but even if the date of the commission of the crime was stated incorrectly, that could have been corrected by amending the indictment. See Reed v. State, 506 So.2d 277, 279 (Miss. 1987), holding that amendments as to form are readily allowed. Black's assertion that the indictment was not served on him is belied by the record of the plea hearing where Black told the court that he had read both of the indictments.
 ¶ 8. Black has not shown that his attorney was deficient in any way whatsoever. Therefore, t his Court finds that this issue lacks merit. The judgment of the trial court summarily dismissing Black's motion for post-conviction collateral relief is affirmed.
 ¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DENYINGPOST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL AREASSESSED TO LEE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE,MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.