BARNES, J.,
for the Court.
¶ 1. Billie Joe Hayes appeals the dismissal by the Circuit Court of Attala County of his motion for post-conviction relief. Finding no error, we affirm.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On March 17, 2005, in the Circuit Court of Attala County, Hayes entered a plea of guilty to one count of armed robbery. After questioning Hayes and allowing several witnesses to speak on Hayes’s behalf, the court accepted Hayes’s plea and sentenced him to a term of fifteen years in the custody of the Mississippi *1134 Department of Corrections, with five years suspended and ten years to serve.
¶3. On June 15, 2005, Hayes filed a motion for post-conviction relief in which he asserted (1) that trial counsel had failed to investigate his mental health history; (2) that the trial court, in sentencing, had not properly taken his mental health into account; (3) that counsel had misinformed him of the maximum possible sentence for the crime of armed robbery; and (4) that his attorney’s performance was hindered by a conflict of interest. The trial court dismissed Hayes’s motion, finding Hayes’s allegations to be wholly refuted by the record. On appeal, Hayes raises a number of issues which were not presented to the trial court; we will not address these issues, as they are not properly before this Court. See Black v. State, 806 So.2d 1162, 1163(¶ 3) (Miss.Ct.App.2002).
STANDARD OF REVIEW
¶ 4. Our standard of review on a denial of a motion for post-conviction relief is well-established. We will not reverse the trial court unless we find that the court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002).
ISSUE AND ANALYSIS
WHETHER THE TRIAL COURT ERRED IN DISMISSING HAYES’S MOTION FOR POST-CONVICTION RELIEF.
¶ 5. Hayes’s first assertion is that he suffered ineffective assistance of counsel because his attorney did not consider Hayes’s mental health during the course of his representation. In addition, Hayes claims that the trial court, in sentencing him, neglected to take into account his mental condition.
¶ 6. At Hayes’s plea hearing, defense counsel informed the court that he had, “out of an abundance of caution,” filed for Hayes to undergo a mental examination. The examiners’ report stated the examiners’ unanimous opinion that Hayes was not mentally retarded, and, that while Hayes appeared to be in the borderline range of intelligence, he did not suffer from a major mental disorder. Furthermore, it is apparent that defense counsel took Hayes’s mental condition into consideration when asking the trial court for a lenient sentence. It is also clear that the trial court took Hayes’s improving mental health into account in sentencing Hayes to serve only ten years in prison, when the trial court could have imposed any sentence more than three years but short of life in prison. See Miss. Code Ann. § 97-3-79 (Rev. 2000). Hayes’s claims are without merit.
¶ 7. Hayes also contends that his attorney misinformed him of the maximum possible sentence for the crime of armed robbery. Hayes argues that his counsel told him he could receive a sentence of life in prison were he to plead guilty to the crime. This assertion is contradicted by the record. At his plea hearing and in his sworn guilty plea petition, Hayes stated that he was aware that upon pleading guilty, he could be sentenced by the trial court to anywhere from a term of three years to less than life in prison, and fined up to $10,000. See Miss. Code Ann. § 97-3-79 (Rev.2000). It is clear from the record that Hayes was fully apprised of the maximum possible sentence he could face upon pleading guilty to the crime of armed robbery. This issue is without merit.
¶ 8. Lastly, Hayes contends that his attorney’s performance was hindered by a conflict of interest. Hayes points to nothing in the record that would support his claim, and we can only find from our independent review of the record that defense *1135 counsel served his client admirably. This issue is without merit.
CONCLUSION
¶ 9. Finding all of Hayes’s claims to be manifestly without merit, we affirm the judgment of the Circuit Court of Attala County dismissing Hayes’s motion for post-conviction relief.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ATTALA COUNTY.
KING, C.J., LEE and MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE and ROBERTS, JJ., CONCUR.