CHANDLER, J.,
for the Court.
¶ 1. On March 17, 2005, Michael Deloach filed a motion for post-conviction relief (PCR) pertaining to his November 4, 2004 conviction of the sale of cocaine. On May 5, 2005, the Circuit Court of Oktibbeha County dismissed Deloach’s PCR. Deloach appeals. Deloach alleges that he was provided ineffective assistance of counsel and the indictment was invalid.
PROCEDURAL HISTORY
¶ 2. Deloach was charged with two counts of the sale of cocaine and two *1011 counts of the sale of marijuana. On November 4, 2004, Deloach pled guilty to the sale of cocaine, Count 1 of the indictment. Deloach was sentenced to sixteen years in the custody of the Mississippi Department of Corrections with five years post-release supervision. On March 15, 2005, Deloach filed his PCR alleging ineffective assistance of counsel and an invalid indictment. The circuit court dismissed the PCR, holding the motion was facially without merit. Deloach assigns the following errors on appeal:
I. WHETHER DELOACH WAS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL
II. WHETHER THE INDICTMENT WAS INVALID
¶ 3. We affirm. We find that Deloach’s PCR was properly dismissed.
STANDARD OF REVIEW
¶ 4. According to Mississippi Code Annotated section 99-39-11(2) (Rev.2000), a circuit court may summarily dismiss a PCR “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief....” Pursuant to section 99-39-11(2), after subjecting the PCR to de novo review, this Court must affirm the circuit court’s dismissal of the PCR if the movant has failed to present a claim which substantially shows that he was denied a state or federal right. Myers v. State, 583 So.2d 174, 176 (Miss.1991).
LAW AND ANALYSIS
I. WHETHER DELOACH WAS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 5. The standard of review for claims of ineffective assistance of counsel is the two-prong test from Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires a showing that (1) counsel’s performance was deficient and (2) that the deficiency prejudiced the defense. The burden is on Deloach to prove both prongs. Edwards v. State, 615 So.2d 590, 596 (Miss.1993). For Deloach to challenge his guilty plea on the ground of ineffective assistance of counsel, he must show that counsel’s errors proximately resulted in the guilty plea and, but for counsel’s errors, he would not have entered the guilty plea. Reynolds v. State, 521 So.2d 914, 918 (Miss.1988). This Court must look at the overall performance of counsel when determining the adequacy of counsel’s performance. Cole v. State, 666 So.2d 767, 775 (Miss.1995).
¶ 6. Deloach claims that he received ineffective .assistance of counsel because counsel did not request discovery, or investigate the background of the police informant. Deloach argues that, had counsel performed adequately, counsel would have discovered that the informant had a criminal record. The lower court found this issue to be without merit because De-loach’s criminal court file contained counsel’s motion for discovery and because, had Deloach gone to trial, the informant’s background would have been relevant only for impeachment purposes. In his petition to enter a guilty plea, Deloach swore that his attorney had counseled him and advised him about the nature of the charge and all possible defenses. In his PCR, Deloach made no showing beyond mere allegations that the informant had a criminal record which counsel failed to discover. Deloach has failed to show that he would not have pled guilty but for a failure by counsel to discover the informant’s crimi *1012 nal record. Therefore, he has not demonstrated that counsel’s overall performance was deficient and that the deficiency proximately resulted in the guilty plea. This issue is without merit.
II. WHETHER THE INDICTMENT WAS INVALID.
¶ 7. Deloach claims that the indictment was invalid because it failed to state an essential element of the crime, specifically, the quantity of cocaine sold by Deloach. Deloach correctly argues that his guilty plea did not waive any failure of the indictment to charge an essential element of the offense. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). However, Deloach’s indictment charged him with the essential elements of sale of cocaine. The statute proscribing sale of cocaine, under which Deloach was indicted, is Mississippi Code Annotated section 41-29-139(a) (Rev.2005). Section 41-29-139(a) does not specify a certain quantity or impose different penalties based upon the quantity of cocaine sold. Accordingly, this Court has held that the quantity of cocaine sold is not an essential element of the crime of sale of cocaine under section 41-29-139(a). Carroll v. State, 755 So.2d 483, 487(¶ 12) (Miss.Ct.App.1999). Deloach was properly charged with the essential elements of the crime.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.