966 So.2d 204 (2007)
Marcus MORGAN a/k/a Lil Dub, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01644-COA.
Court of Appeals of Mississippi.
August 28, 2007.
*205 Marcus Morgan, Appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before KING, C.J., GRIFFIS and BARNES, JJ.
GRIFFIS, J., for the Court.
¶ 1. Marcus Morgan appeals the denial of his petition for post-conviction relief. He raises five issues: (1) he was subject to an excessive sentence; (2) the statute under which he was sentenced is unconstitutionally ambiguous; (3) his indictment was fatally flawed; (4) his plea was involuntary; and (5) he was not afforded effective assistance of counsel. We find no error and affirm.

FACTS
¶ 2. On October 8, 2004, Morgan was indicted for feloniously selling 0.56 grams of cocaine to Josh Moore and Kayla Richey. He entered a plea of guilty to the crime charged in the indictment on June 27, 2005. Following a lengthy plea colloquy, the trial court accepted the plea of guilty. Morgan was then sentenced to serve to thirty years imprisonment with fifteen years suspended, and upon his release from incarceration, he was to serve five years of post-release supervision. Further, he was to pay several fines and restitution.
*206 ¶ 3. On January 31, 2006, Morgan filed a motion for post-conviction relief which was summarily denied. It is from this order that he now appeals.

STANDARD OF REVIEW
¶ 4. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS
¶ 5. Morgan lists several errors in his claim for post-conviction relief. Although his pro se motion may be inartfully drafted, this Court will address each issue that we have found.
I. Whether Morgan was subject to an excessive sentence
¶ 6. Morgan alleges that he was subject to an excessive sentence, because his sentence was much longer than the statutory maximum. In support of his allegation, he provides this Court with a statute that states that for the crime of possession of a controlled substance in the amount of one-tenth gram but less than two grams has a maximum sentence of eight years. Morgan cites Mississippi Code Annotated § 41-29-139(c)(1)(B) (Rev.2005), which prohibits the possession of a controlled substance.
¶ 7. Morgan pled guilty to and was convicted of selling cocaine, not mere possession. Its punishment, which is greater, is contained in the same statute, but in a different subsection. Miss.Code Ann. § 41-29-139(b)(1). It states that with the exception of marijuana, the sale of cocaine in any amount can result in a sentence of imprisonment of up to thirty years. Id. Morgan was sentenced to thirty years imprisonment with fifteen years suspended. While this sentence contained the maximum, it was still within the limits provided by the legislature. Id.
¶ 8. Generally, if a sentence falls within the limits provided by statute, it will not be disturbed on appeal. Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992). However, where the sentence is "grossly disproportionate" it will be viewed to determine if it violates the Eight Amendment prohibition on cruel and unusual punishment. Id. This sentence is not "grossly disproportionate" and, therefore, is not excessive to the crime committed.
¶ 9. This allegation of error is without merit.
II. Whether the statute under which Morgan was sentenced is unconstitutionally ambiguous
¶ 10. Morgan alleges that the statute under which he was sentenced, Section 41-29-139, is unconstitutionally ambiguous and subject to more than one interpretation. With such a challenge, "[t]he test to be used here is whether the statute defines the criminal offense with sufficient definiteness such that a person of ordinary intelligence has fair notice of what conduct is prohibited." Lewis v. State, 765 So.2d 493, 499(¶ 25) (Miss.2000) (citing Posters `N' Things, Ltd. v. United States, 511 U.S. 513, 525, 114 S.Ct. 1747, 128 L.Ed.2d 539 (1994)).
¶ 11. Morgan's allegation comes from his misunderstanding of which subsection of Section 41-29-139 contained the punishment for the sale of cocaine. It is clear and unambiguous that Section 41-29-139(b) applies and not Section 41-29-139(c) as Morgan wishes. As stated before, subsection (c) applies only to possession *207 of a controlled substance while, subsection (b) applies to violations of subsection (a). Subsection (a) lists the following unlawful acts: "To sell, barter, transfer, manufacture, distribute, dispense, or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance." Each subsection clearly states its separate purpose.
¶ 12. We find that "a person of ordinary intelligence" would understand that he could be subject to up to thirty years imprisonment should he be found guilty of the sale of cocaine. Therefore, this allegation of error contains no merit.
III. Whether Morgan's indictment was fatally flawed
¶ 13. Morgan claims that a litany of errors existed with the indictment and due to them, it was fatally flawed. These errors include: (1) the indictment was stamped filed before the term of court, (2) failure to include a sworn affidavit by the foreman of the grand jury, (3) no caption of the minutes was present on the indictment, (4) the indictment is without judicial jurisdiction, and (5) the indictment failed to state the amount of cocaine.
¶ 14. The general rule is that "a guilty plea waives all defects in the indictment with two exceptions: (1) failure to charge an essential element of a criminal offense and (2) subject matter jurisdiction." Black v. State, 806 So.2d 1162, 1165(¶ 5) (Miss.Ct.App.2002).
¶ 15. The first two errors alleged have indeed been waived. This Court has held that the first alleged error, a date discrepancy between the term of court and the date of the file stamp, are procedural matters that are waived by entry of a guilty plea. Id. As to the second alleged defect, this Court in Chandler v. State, 883 So.2d 614, 616(¶ 5) (Miss.Ct.App.2004) reaffirmed a prior holding that "an argument asserting defectiveness of an indictment based on the lack of an accompanying affidavit from the grand jury foreman is a non-jurisdictional defect which is waived" upon entry of a guilty plea.
¶ 16. As to the third error, failure to include a caption of the minutes, neither Morgan nor the State provides any authority for such a requirement. After a review of Rule 7.06 of the Uniform Rules of Circuit and County Court which provides for the sufficiency of the indictment, we have found no such requirement that the indictment include a caption from the minutes.
¶ 17. As to the fourth allegation, Monroe County only has one judicial district. In such counties with one judicial district, the supreme court has held that the indictment is not required to contain the judicial district. Harris v. State, 757 So.2d 195, 198(¶ 15) (Miss.2000).
¶ 18. The final alleged error is that the indictment failed to contain the amount of cocaine that was sold. There is no such requirement for the sale of cocaine. Waites v. State, 872 So.2d 758, 759(¶ 6) (Miss.Ct.App.2004). Morgan's confusion probably comes from his mistaken belief that he was being charged with possession, which would require a certain amount to appear on the face of the indictment. As to the sale of cocaine, which was the crime charged, failure to include the amount sold does not fatally flaw the indictment.
¶ 19. None of Morgan's alleged flaws in the indictment render it defective. Therefore, the allegation that his indictment was fatally flawed is without merit.
IV. Whether Morgan's plea was involuntary
¶ 20. Morgan alleges that he was threatened with twenty years imprisonment *208 if he did not enter a plea of guilty. Further, he alleges that he was never informed of the two to eight years sentence he could have received for possession. Once again, Morgan's allegation is based on his confusion under which subsection he was charged and convicted. Regardless of his confusion, we will determine if this issue has merit.
¶ 21. A guilty plea may not be obtained by "fear, violence, deception, or improper inducements." URCCC 8.04(A)(3). We have held that the mere fear of the maximum sentence will not render the plea involuntary. Daughtery v. State, 847 So.2d 284, 287(¶ 7) (Miss.Ct.App.2003). In Daughtery, we held that if Daughtery accepted a guilty plea merely because he would avoid a potential sentence of death, the plea would not be rendered involuntary. Id. Having held that the fear of the death penalty, the maximum punishment for an offense, did not create an involuntary plea, we cannot now say that the fear of twenty years imprisonment, a punishment below the maximum, made the guilty plea involuntary.
¶ 22. This issue is also without merit.
V. Whether Morgan was afforded effective assistance of counsel
¶ 23. Morgan's final allegation of error is that his counsel was so ineffective that it deprived him of his Sixth Amendment right to counsel. Morgan specifically alleges that his counsel was ineffective when he failed to object to a sentence higher than the statutory maximum and failed to object to a defective indictment.
¶ 24. We have previously addressed each of the underlying issues. The sentence is within the statutory maximum for the sale of cocaine and the indictment was not fatally defective. Further, during the plea colloquy, Morgan stated under oath he was satisfied with his attorney's performance and felt that it was effective.
¶ 25. To prevail on a claim of ineffective assistance of counsel, Morgan must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Morgan, and we will measure the alleged deficiency within the totality of circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995); Carney v. State, 525 So.2d 776, 780 (Miss.1988). Morgan has not demonstrated how his counsel was ineffective, much less how the deficiency prejudiced his defense.
¶ 26. Morgan's counsel was not ineffective and, therefore, this allegation is without error.

CONCLUSION
¶ 27. The majority of Morgan's appeal is founded on his mistaken belief that he should have been sentenced under Section 41-29-139(c). Morgan plead guilty to the sale of cocaine which is sentenced under Section 41-29-139(b). Morgan's allegations of error contained no merit. Accordingly, the judgment of the trial court is affirmed.
¶ 28. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.