ROBERTS, J., for the Court:
¶ 1. This appeal stems from James Anthony Swilley’s guilty plea entered on July 25, 2011. He pled guilty in the Copiah County Circuit Court to one count of felony shoplifting and was sentenced to four years in the custody of the Mississippi Department of' Corrections (MDOC). Swilley filed an “Interlocutory Appeal” in the circuit court on September 16, 2011. The circuit court reviewed this document as a motion for post-conviction relief (PCR) and denied Swilley’s motion. He now appeals.
FACTS AND PROCEDURAL HISTORY
¶ 2. On February 13, 2011, Hazlehurst Police Officer Tracy Smith was off-duty and walking into Walmart when he saw Swilley walking out with what Officer Smith believed to be a bulge under his shirt. Officer Smith witnessed Swilley lift his shirt and then put some items from under his shirt in a bag. Officer Smith reported this to the on-duty police officers in the area, and he continued following Swilley from Walmart to the Piggly Wiggly parking lot nearby. Police officers detained Swilley in the Piggly Wiggly parking lot and, after searching him, discovered several packages of steak with Walmart labels. Swilley was arrested and charged with felony shoplifting.
¶ 3. At the omnibus hearing held pursuant to Uniform Rule of Circuit and County Court 9.08 on July 18, 2011, Swilley sought to have any evidence of the steaks suppressed because there was insufficient probable cause to detain and search him. Officer Smith testified at this hearing. He stated that as he was walking into the Walmart, he noticed Swilley walking out with a strange bulge under the shirt indicating that Swilley had something hidden. *903 According to Officer Smith, he followed Swilley outside and saw Swilley “raise his shirt up and put the items in a bag.” Suspecting that Swilley had just shoplifted items from Walmart, Officer Smith continued following Swilley while he called other police officers. The other police officers detained Swilley in the Piggly Wiggly parking lot and searched him, resulting in the discovery of several steaks with Wal-mart labels. At the conclusion of Officer Smith’s testimony, Swilley argued “mere suspicion that a misdemeanor was being committed did not rise to the level of probable cause to arrest him for a felony.” Swilley sought to have any photographs of the steaks excluded because they had not been properly authenticated as coming from Walmart and, primarily, because the photographs were the result of an illegal search and seizure. The circuit court overruled Swilley’s motion on July 25, 2011, and, on the same day, Swilley entered his guilty plea to felony shoplifting.
¶ 4. The circuit judge asked Swilley if he had read all of his guilty-plea petition, discussed it with his attorney, and had his attorney explain everything; Swilley answered yes. He also confirmed that everything contained in the guilty-plea petition was true and correct. The circuit judge next advised Swilley that he was waiving constitutional rights by entering a guilty plea. Swilley indicated that he understood the constitutional rights he was waiving and that his lawyer had advised him of all his possible defenses. Also, Swilley confirmed it was his decision to plead guilty, and he was not influenced by anyone or anything in exchange for a guilty plea. The circuit judge accepted Swilley’s guilty plea and found he “knowingly and intelligently waived his constitutional rights [and] ... freely and voluntarily entered a plea of guilty....” The circuit judge also found “there [was] a factual basis to support the charges against Swil-ley....” Swilley was sentenced to serve four years in the custody of the MDOC.
¶ 5. Swilley filed a document entitled “Interlocutory Appeal” on September 16, 2011. In it, he alleged that there was insufficient probable cause to arrest him for felony shoplifting. Swilley further claimed that the State could not have proved that “the items belonged to Wal-mart as any labeling is hearsay,” and the labels attached to the steaks could not be authenticated. The circuit court found that Swilley’s “Interlocutory Appeal” should be viewed as a PCR motion, and in an order filed on September 19, 2011, the circuit court denied Swilley’s motion. In the order, the circuit court stated: “[I]t plainly appears from the face of the [petition, and the prior proceedings” that Swil-ley was not entitled to any relief because he “was fully apprised of the nature of the charges against him and all the facts and circumstances surrounding said charges[,]” and he “voluntarily and intelligently entered a plea of guilty to Felony Shoplifting.”
¶ 6. Feeling aggrieved by the circuit court’s denial of his PCR motion, Swilley appeals and raises the following issue, which we recite verbatim: “Trial court’s denial of motion to suppress evidence dismissal [sic] and for other relief allowed evidence to be used and the same to be relied upon that was not authentic and inconsistent in procedure and law.”
ANALYSIS
¶ 7. This Court reviews a circuit court’s denial of a PCR motion under the clearly-erroneous standard of review. Holloway v. State, 31 So.3d 656, 657 (¶ 5) (Miss.Ct.App.2010) (citing Moore v. State, 986 So.2d 928, 932 (¶ 13) (Miss.2008)). Questions of law receive a de novo review. Id. Swilley’s primary argument is that the *904 circuit court erred in not suppressing the evidence obtained during the police officers’ search of him because the search and subsequent seizure violated of his Fourth Amendment right to be free from unreasonable search and seizure. Swilley alleged that the police officers lacked reasonable suspicion or probable cause to detain and search him.
¶ 8. Mississippi Code Annotated section 99-39-21(1) (Rev.2007) states that:
Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.
Section 99-39-21(1) prohibits a prisoner from raising certain issues in a PCR motion if they should have been raised prior to filing a PCR motion, and failure to raise these issues acts as a waiver. In Battaya v. State, 861 So.2d 364, 365-66 (¶¶3-5) (Miss.Ct.App.2003), William Battaya claimed his arrest was illegal for lack of a warrant or probable cause; however, this Court found that because Battaya entered a valid guilty plea, a challenge to the legality of his arrest was waived. “A valid [guilty] plea waives the defendant’s right to make certain constitutional challenges, including those under the Fourth Amendment.” Id. at 366 (¶ 5) (citing King v. State, 738 So.2d 240, 241 (¶¶4-5) (Miss.1999)). The United States Supreme Court has also explained that “[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he many not thereafter raise independent claims relating to the deprivation of his constitutional rights that occurred prior to the entry of the guilty plea.” Id. (quoting Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)).
¶ 9. In the current case, Swilley argues that his Fourth Amendment right to be free from unreasonable search and seizure was violated by the police officers, and any evidence they obtained from the search was illegal. He also alleges that there was insufficient reasonable suspicion or probable cause to justify his arrest. Swilley does not attack the validity or vol-untariness of his guilty plea. Because Swilley’s guilty plea was valid, he cannot now raise any claim that his arrest, search, or seizure was illegal. In his guilty-plea colloquy, Swilley affirmed that he and his lawyer had discussed the possible defenses to his charge. Swilley also recognized he was giving up constitutional rights by entering a guilty plea. Certainly a violation of the Fourth Amendment would be a possible defense. By pleading guilty and not raising this defense, Swilley waived a Fourth Amendment-violation argument on appeal. Additionally, Swilley has not shown any cause or actual prejudice for this Court to suspend his waiver according to section 99-39-21(1).
¶ 10. Because we find that Swilley’s valid guilty plea waived all claims relating to events occurring prior to entering his guilty plea, such as his arrest, we do not address the merit of Swilley’s assertions that his Fourth Amendment rights were violated. We affirm the circuit court’s denial of Swilley’s PCR motion.
It 11. THE JUDGMENT OF THE CO-PIAH COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
*905 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.