## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2016-CP-01039-COA

**THOMAS J. HOOGHE A/K/A THOMAS HOOGHE A/K/A THOMAS JAMES HOOGHE**                                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                    APPELLEE

DATE OF JUDGMENT:                       07/07/2016
TRIAL JUDGE:                                     HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:   MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         THOMAS J. HOOGHE (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                                        BY: BILLY L. GORE
NATURE OF THE CASE:                  CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                                 AFFIRMED - 10/03/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     Thomas Hooghe appeals the Madison County Circuit Court's summary denial and dismissal of his motion for post-conviction relief (PCR). After a consideration of the many issues raised by Hooghe, pro se, and discussed later in this opinion, we find no error. Therefore, we affirm.

## FACTS

¶2.     Many facts of this case were presented in *Hooghe v. State*, 187 So. 3d 682, 82-83 (¶¶2-3) (Miss. Ct. App. 2016). We cite relevant facts from that case and supplement them as needed.

¶3. Hooghe was arrested on April 24, 2014, in connection with various thefts that had occurred at the Baptist Healthplex in Madison County, Mississippi, where someone had stolen patrons' keys out of their gym lockers and then used those keys to steal a motor vehicle and items out of other vehicles in the gym parking lot. On June 12, 2014, a Madison County grand jury indicted Hooghe for three counts, stemming from a common scheme and plan occurring on April 22, 2014: (1) theft of a motor vehicle in violation of Mississippi Code Annotated section 97-17-42 (Rev. 2006), as a subsequent motor-vehicle- theft offender due to a previous conviction of the crime in Texas, and therefore subject to enhanced punishment pursuant to Mississippi Code Annotated section 97-17-42(4); (2) grand larceny for the theft of a bicycle and a sum of cash in the amount of $500 or more, in violation of Mississippi Code Annotated section 97-17-41(1) (Rev. 2006); and (3) grand larceny for the theft of a sum of cash in the amount of $500 or more, in violation of section 97-17-41(1).[1] On September 18, 2014, Hooghe was indicted for another single count of grand larceny: theft, on April 19, 2014, of a men's Rolex watch and a money clip containing $500 or more, in violation of section 97-17-41(1). This second indictment also charged Hooghe as a habitual offender in violation of Mississippi Code Annotated section 99-19-81 (Rev. 2015), due to a 2012 conviction of motor-vehicle theft in DeSoto County, Mississippi, and a 1996 conviction of burglary in Ohio.

---

[1] Of note is the fact that Counts I and II involved property belonging to Joseph Anthony House, and Count III involved property belonging to Jeffery Cox.

¶4. On September 22, 2014, the circuit court conducted a plea hearing, wherein Hooghe entered a plea of guilty to all four of the charges against him. During the plea hearing, the State informed the court that it was abandoning the prosecution of Hooghe as a habitual and subsequent offender, in exchange for his guilty plea. On September 29, 2014, the court sentenced him to a total of forty-five years: fifteen years as a subsequent offender under count one for motor-vehicle theft, ten years under count two for grand larceny, ten years under count three for grand larceny, and ten years for the second indictment's single count of grand larceny, all to run consecutively.

¶5. On December 30, 2014, Hooghe, acting pro se, filed an unsworn PCR motion in the circuit court, alleging multiple errors. On February 9, 2015, he filed an amended version of that PCR motion, still unsworn. On March 4, 2015, the circuit court summarily dismissed Hooghe's PCR motion. On March 29, 2016, this Court affirmed the circuit court's dismissal of Hooghe's PCR motion because it did not contain a sworn statement of facts or a verified oath as required by Mississippi Code Annotated section 99-39-9(1)(d) and (3) (Rev. 2015), but did so without prejudice, so that Hooghe could file a procedurally proper motion. *Hooghe*, 187 So. 3d at 683 (¶6).

¶6. On May 19, 2016, Hooghe filed a new PCR motion with a properly sworn statement of facts and verified oath attached. In this PCR motion, Hooghe asserted the following bases for post-conviction relief: (1) the State denied him preliminary hearings; (2) his first indictment was multiplicitous; (3) both indictments failed to allege the "proximate cause"

3

element of larceny; (4) he was illegally sentenced due to an amendment of the larceny statutes; (5) the circuit court was without jurisdiction to accept his guilty plea as to the second indictment; (6) the auto-larceny statute under which he was convicted is unconstitutionally vague; (7) there was no factual basis for his convictions; (8) he received ineffective assistance of counsel; and (9) these cumulative errors prejudiced him. Hooghe made no mention of the argument he makes on appeal, that his excessive sentence violated his right to be free from cruel and unusual punishment. On July 7, 2016, the circuit court denied Hooghe's PCR motion. Hooghe timely filed a notice of appeal and was allowed to proceed in forma pauperis.

## DISCUSSION

¶7.    "When reviewing a lower court's decision to deny a petition for post[-]conviction relief [appellate courts] will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999) (citations omitted). Mississippi Code Annotated section 99-39-23(7) (Rev. 2015) provides that post-conviction relief shall not be granted unless a petitioner proves by a preponderance of the evidence that he is entitled to such relief.

### 1.    *Preliminary Hearing*

¶8.    Hooghe maintains that he was wrongly deprived of preliminary hearings for all charges brought against him, despite his repeated requests while in custody. Further, Hooghe

4

contends that he was denied his right to due process, as he was not served with the first indictment until July 11, 2014, nearly three months after his arrest, and he was not served with the second indictment until September 18, 2014, five months after his arrest. In response, the State argues that Hooghe's right to a preliminary hearing was waived once he had been indicted by a grand jury.

¶9.    Rule 6.05 of the Uniform Rules of Circuit and County Court Practice provides, "A defendant who has been indicted by a grand jury shall not be entitled to a preliminary hearing."[2] "[O]nce the indictment occurs, even had a preliminary hearing not been provided, that question becomes moot." *Sanders v. State*, 847 So. 2d 903, 907 (¶22) (Miss. Ct. App. 2003) (citation omitted). "The indictment by a grand jury removes the purpose of the hearing and none need thereafter be conducted." *Id*. (citation omitted). As Hooghe was formally indicted by the Madison County Grand Jury, his argument that he was denied a preliminary hearing is without merit.

¶10.    Likewise, Hooghe's argument that he was denied his right to due process because of the length of time between his arrest and his indictments is without merit. In *Beal v. State*, 118 So. 3d 162, 165 (¶9) (Miss. Ct. App. 2012), this Court held:

> The Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to the defendant's rights to a fair trial and that the

---

[2] The Uniform Rules of Circuit and County Court Practice relating to criminal practice were recently superseded by the Mississippi Rules of Criminal Procedure. The former rules apply here because they were in effect during the proceedings in Hooghe's case.

delay was an intentional device to gain tactical advantage over the accused. To determine if actual prejudice has occurred, three factors should be considered: the length of the delay, the reason for the delay, and the prejudice which the delay may have caused the accused.

(Internal citations and quotations omitted). Hooghe pleaded guilty to all charges against him; thus, there was no "substantial prejudice to [his] rights to a fair trial." Furthermore, Hooghe presents no evidence to suggest that this delay "was an intentional device to gain tactical advantage over [him]." As such, we find no merit to this issue.

2.    *Multiplicity in Indictment*

¶11.    Hooghe maintains that his first indictment violated his right to be free from multiple punishments for the same offense, because it charged him for three separate counts even though all counts stemmed from the same occurrence: theft at the Baptist Healthplex in Madison, Mississippi, on April 22, 2014, at approximately 5:00 p.m. Hooghe contends that because the three counts were all part of a common plan and scheme, he should only have been charged with one count of larceny. The State, in response, argues that Hooghe's voluntary plea of guilty waived this argument.

¶12.    "[T]he entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment," with only two exceptions: (1) "a guilty plea does not waive an indictment's failure to charge an essential element of the crime," and (2) a guilty plea "does not waive lack of subject matter jurisdiction." *Joiner v. State*, 61 So. 3d 156, 159 (¶7) (Miss. 2011). The State points out that neither of these exceptions is at issue here.

¶13.    Additionally, the Mississippi Supreme Court has repeatedly held that the protection

6

against double jeopardy is a fundamental right, which is not subject to procedural bars. *Rowland v. State*, 42 So. 3d 503, 508 (¶14) (Miss. 2010) (citing *Graves v. State*, 969 So. 2d 845, 846-47 (Miss. 2007); *Fuselier v. State*, 654 So. 2d 519, 522 (Miss. 1995)). However, "[c]haracterizing a constitutional right as 'fundamental' does not mean it is impossible to waive it by pleading guilty." *Knight v. State*, 192 So. 3d 360, 364 (¶13) (Miss. Ct. App. 2016). In *Knight*, this Court went on to specify that certain double-jeopardy claims may be waived by pleading guilty. *Id*. at 364-65 (¶¶13-15). Quoting the United States Supreme Court's decision in *United States v. Broce*, 488 U.S. 563, 576 (1989), the *Knight* court held that "prisoners who plead guilty to indictments that on their face described separate crimes essentially waive the right to contradict the admissions inherent in their guilty pleas. . . . Conscious waiver of double jeopardy is not required." *Knight*, 192 So. 3d at 365 (¶14) (internal quotations and citations omitted). "Just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations or distinct offenses concede that he has committed two separate crimes." *Broce*, 488 U.S. at 570.

¶14.    Here, the indictment set forth three distinct charges against Hooghe. Hooghe pleaded guilty to all charges, without raising any argument regarding how the charges were organized or described in the indictment. As such, we find that when he pleaded guilty to the charges in the indictment that, on its face, described separate crimes, he waived the argument that he now makes—that he received multiple punishments for one offense.

### 3. *Sufficiency of Indictments*

¶15.    Hooghe argues that both indictments failed to set out the "proximate cause" element of the grand-larceny counts.  Hooghe goes on to argue that the State failed to prove *how* he committed the alleged larceny.  We are unable to discern exactly what Hooghe means by claiming the indictments failed to set out the "proximate cause element" of the larceny.  We assume he means that the indictments failed either to specify how he committed the offenses or to identify the elements of the offenses.  The State again argues that Hooghe's voluntary guilty plea waived this argument.  As noted above, however, "a guilty plea does not waive an indictment's failure to charge an essential element of the crime . . . ." *Joiner,* 61 So. 3d at 159 (¶7).  We briefly address the issue based on our perception of Hooghe's argument.

¶16.    Rule 7.06 of the Uniform Rules of Circuit and County Court Practice[3] requires an indictment to include, among other things, "a plain, concise and definite written statement of the essential facts constituting the offense charged and [that it] shall fully notify the defendant of the nature and cause of the accusation."  At the time that Hooghe entered his guilty plea, Mississippi Code Annotated section 97-17-41 read as follows:

> Every person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of Five Hundred Dollars ($500.00) or more, shall be guilty of grand larceny, and shall be imprisoned in the Penitentiary for a term not exceeding ten (10) years.

The grand-larceny counts in Hooghe's two indictments each specify that Hooghe did

---

[3] *See supra* n.2.

8

"wilfully, unlawfully, feloniously take, steal and carry away . . . the personal property of [another] . . . with the intent to permanently deprive the owner thereof." As such, these indictments set forth the essential elements of grand larceny. The State is not required to prove *how* Hooghe may have committed the crime, only that he did so beyond a reasonable doubt. And because Hooghe entered a guilty plea, the State's burden to do so was removed. We therefore find no issue with the sufficiency of these indictments.

### 4. *Illegal Sentencing*

¶17. Hooghe argues that his sentence pursuant to section 97-17-41 was illegal, because the statute was amended between the time that Hooghe was arrested and the time that he was sentenced. Specifically, Hooghe references House Bill 585, passed on March 31, 2014, in which the minimum threshold value for a charge of grand larceny was increased from $500 of stolen personal property to $1,000. 2014 Miss. Laws ch. 457, § 15 (H.B. 585). In response, the State contends that Hooghe failed to timely object to his sentence, thereby waiving the matter. The State also argues that Hooghe was sentenced under the correct statute, pursuant to Mississippi caselaw (citing *Flowers v. State*, 35 So. 3d 516, 518 (¶5) (Miss. 2010), in which the Mississippi Supreme Court held that "the statute in effect at the time an offense is committed is the one that must control the prosecution of the offense").

¶18. Whether procedurally barred or not, this issue is without merit. Mississippi Code Annotated section 99-19-1 (Rev. 2015) provides:

> No statutory change of any law affecting a crime or its punishment or the collection of a penalty shall affect or defeat the prosecution of any crime

9

committed prior to its enactment, or the collection of any penalty, whether such prosecution be instituted before or after such enactment; and all laws defining a crime or prescribing its punishment, or for the imposition of penalties, shall be continued in operation for the purpose of providing punishment for crimes committed under them, and for collection of such penalties, notwithstanding amendatory or repealing statutes, unless otherwise specially provided in such statutes.

House Bill 585 was passed on March 31, 2014; however, section 83 of the bill provides, "This act shall take effect and be in force from and after July 1, 2014." 2014 Miss. Laws ch. 457, § 83 (H.B. 585). Thus, although the bill was passed before Hooghe allegedly committed the offense on April 22, 2014, the amended version of the statute was not yet in effect. As such, Hooghe was properly sentenced under the former version of the statute, wherein $500 was the minimum threshold amount of stolen personal property for a charge of grand larceny.

### 5.     *Lack of Jurisdiction*

¶19.    Hooghe asserts that the circuit court "did not have jurisdiction to accept a guilty plea" with respect to his second indictment, on the basis that it was never lawfully served and no arraignment or preliminary hearing was ever held. In response, the State argues that Hooghe's guilty plea waived this argument and, alternatively, that the record indicates that Hooghe was served with the indictment and waived arraignment.

¶20.    Again, procedural bar notwithstanding, this issue is without merit. The record includes a document entitled "Waiver of Arraignment and Entry of Plea," signed by Hooghe, wherein he acknowledges service of the second indictment and waives arraignment. Further, as stated previously, the fact that Hooghe received an indictment removes any entitlement

10

to a preliminary hearing that he may have had.

### 6. Unconstitutional Statute

¶21. Hooghe maintains that section 97-17-42, the auto-larceny statute under which he was convicted, is unconstitutional. In response, the State contends that Hooghe waived his right to this argument by failing to raise it prior to filing his PCR motion.

¶22. Mississippi Code Annotated section 99-39-21(1) (Rev. 2015) "prohibits a prisoner from raising certain issues in a PCR motion if they should have been raised prior to filing a PCR motion, and failure to raise these issues acts as a waiver." *Swilley v. State*, 93 So. 3d 901, 904 (¶8) (Miss. Ct. App. 2012). "A valid guilty plea waives the defendant's right to make certain constitutional challenges . . . ." *Id.* (quoting *Battaya v. State*, 861 So. 2d 364, 366 (¶5) (Miss. Ct. App. 2003), in which this Court held that the defendant was barred from bringing a claim that his rights were violated under the Fourth Amendment after entering a guilty plea). The United States Supreme Court explained in *Tollett v. Henderson*, 411 U.S. 258, 267 (1973):

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he many not thereafter raise independent claims relating to the deprivation of his constitutional rights that occurred prior to the entry of the guilty plea.

¶23. Here, the transcript of Hooghe's plea hearing reflects that he was fully informed of the charges against him and the statutes he was accused of violating. Hooghe failed to make any objection to those statutes on the basis of their purported unconstitutionality. As such,

11

he is barred from raising this issue on appeal.

### 7. Guilty Pleas

¶24. Hooghe maintains that the circuit court abused its discretion in failing to determine whether there was a factual basis sufficient to sustain his convictions. Specifically, Hooghe takes issue with Counts I and II of the first indictment, charging auto larceny and grand larceny, respectively, under which Hooghe was convicted for taking both a vehicle and a bicycle that was inside the vehicle. The State, in response, argues that Hooghe's claim is materially contradicted by the record, particularly his admission of guilt during the plea hearing.

¶25. We point out that we have already addressed Hooghe's argument with respect to multiplicity in his indictment, and have found no violation in charging him with three separate counts because they were all part of a common scheme and plan. We see no reason re-address this issue.

¶26. The remainder of Hooghe's argument with respect to this issue has no merit. "In order for a guilty plea to be accepted, the record must contain enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged." *Simoneaux v. State*, 29 So. 3d 26, 33 (¶20) (Miss. Ct. App. 2009) (internal quotations and citation omitted). The record includes a statement by the Madison County police officer who arrested Hooghe, detailing the fact that Hooghe was in the area of the crime and wearing similar clothing to the suspect.

¶27. The transcript of Hooghe's plea hearing is included in the record. During the hearing, the court read to Hooghe the elements of each charge, and the State set forth a factual basis for each charge. The State represented that it had video surveillance of Hooghe going in and out of the locker room at the Baptist Healthplex on the evening the crimes occurred, walking through the parking lot, and stealing a vehicle. Hooghe agreed that the State could prove the factual basis of each charge beyond a reasonable doubt, and that it was more likely than not that he would be convicted of each charge if the matter proceeded to trial. Hooghe further testified that the probability of his conviction was greater than his acquittal, and that he wished to take advantage of the plea bargain being offered by the State. We therefore find that this issue is without merit.

### 8. Ineffective Assistance of Counsel

¶28. Hooghe asserts that he received ineffective assistance of counsel. Specifically, Hooghe contends that, on September 22, 2014, he arrived at the courthouse for his scheduled trial. However, fifteen minutes before the trial was scheduled to begin, his court-appointed attorney informed him for the first time that a second indictment had been handed down by the grand jury, charging him with a single count of grand larceny, and that Hooghe was to be tried for both indictments that day.[4] Hooghe argues that this information surprised him,

---

[4] Hooghe maintains that "while [he] had been told by jail staff that a detainer had been lodged against him by the Ridgeland (Miss.) Police Department, the specific charge was not entered (and thus unknown to him until that moment)." Hooghe further contends that he wrote several times to the Ridgeland Police Department to ask about the nature of the charge; further, Hooghe had received a "Notice of Setting" one week prior to September

and that he pleaded with his attorney to seek an immediate continuance or severance. However, according to Hooghe, his attorney stated that the judge would not allow either and that the trial was going to commence right away. Consequently, he pleaded guilty to all charges against him. In response, the State argues that Hooghe's assertion is barred by his guilty plea. Alternatively, the State argues that Hooghe stated during his plea hearing that he was satisfied with his lawyer.

¶29. "A voluntary guilty plea waives claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Rigdon v. State*, 126 So. 3d 931, 936 (¶16) (Miss. Ct. App. 2013) (citations and quotations omitted). As Hooghe's argument involves the voluntariness of his guilty plea, we address it here.

¶30. "The standard of review for claims of ineffective assistance of counsel is the two-prong test from *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires a showing that (1) counsel's performance was deficient and (2) that the deficiency prejudiced the defense." *Deloach v. State*, 937 So. 2d 1010, 1011 (¶5) (Miss. Ct. App. 2006). The burden is on the defendant to prove both prongs. *Id*. (citation omitted). For a defendant to challenge his guilty plea on the basis of ineffective assistance of counsel, "he must show that counsel's errors proximately resulted in the guilty plea and, but for counsel's errors, he would

22, 2014, notifying him that a proceeding had been scheduled on September 23, 2014, in Ridgeland Justice Court.

14

not have entered the guilty plea." *Id.* (citation omitted).

¶31. Hooghe presents insufficient evidence to show that he was to be tried on both indictments the same day. Moreover, Hooghe stated during his plea hearing that he was satisfied with his lawyer's representation. Hooghe had ample opportunity during his plea hearing to inform the trial judge that he had been told that his second indictment would be tried that day, despite having just received notice of it. However, Hooghe failed to mention anything whatsoever pertaining to this argument. As such, we find that Hooghe has failed to show that his counsel's performance was deficient, or that said deficiency prejudiced him.

### 9. *Cruel and Unusual Punishment*

¶32. Hooghe was sentenced to serve a term of forty-five years in the custody of MDOC; he maintains that this "de facto life sentence" violated his Eighth Amendment right to be free from cruel and unusual punishment. In response, the State argues that Hooghe waived this argument by failing to assert it at the time he entered his guilty plea. Further, the State points to Hooghe's signed plea petition—wherein he acknowledged that the statutory maximum punishment for his crime is forty-five years—in support of its argument that Hooghe understood the sentence that he was subject to receiving.

¶33. Hooghe failed to assert this issue in his PCR motion, and raises it for the first time on appeal. For this reason, it is procedurally barred. However, we note that, "[g]enerally, if a sentence falls within the limits provided by statute, it will not be disturbed on appeal." *Morgan v. State*, 966 So. 2d 204, 206 (¶8) (Miss. Ct. App. 2007) (citation omitted). During

15

his plea hearing, the trial judge explained to Hooghe that the maximum sentence for his crimes would be forty-five years. Hooghe stated that he understood. Hooghe also signed a plea petition explaining such. We find no merit to this issue.

> *10.    Cumulative Error*

¶34.    Hooghe argues that the above cumulative errors prejudiced him. However, we find no error. Hooghe has failed to satisfy his burden of showing that he is entitled to post-conviction relief by a preponderance of the evidence, pursuant to section 99-39-23. As such, we affirm the circuit court's denial of his PCR motion.

¶35.    **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**