LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On May 27, 2009, in the Madison County Circuit Court, Jessie Beal pleaded guilty to one count of statutory rape. Beal was sentenced to serve twenty-seven years in the custody of the Mississippi Department of Corrections. Beal subsequently filed a motion for post-conviction relief. The trial court dismissed Beal’s motion. Beal now appeals asserting the following issues: (1) he was denied his right to a timely initial appearance; (2) his constitutional rights were violated; (3) his trial counsel was ineffective; and (4) his guilty plea was not knowingly and intelligently entered. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 2. When reviewing a trial court’s denial or dismissal of a motion for post-conviction relief, we will reverse the judgment of the lower court only if its factual findings are clearly erroneous; however, we review the circuit court’s legal conclusions under a de novo standard of review. Doss v. State, 19 So.3d 690, 694 (¶ 5) (Miss. 2009).
DISCUSSION
I. TIMELY INITIAL APPEARANCE
II. CONSTITUTIONAL RIGHT TO A TIMELY INITIAL APPEARANCE
¶ 3. In his first two issues, Beal argues that he was denied a timely initial appearance and his constitutional rights were violated when the trial court failed to give him a timely initial appearance. Upon the entry of a valid guilty plea, certain challenges are waived by the defendant, including the right to an initial appearance. Davis v. State, 967 So.2d 1269, 1270 (¶ 4) (Miss.Ct.App.2007); Battaya v. State, 861 So.2d 364, 366 (¶¶ 7-8) (Miss.Ct.App.2003). These issues are without merit.
III. INEFFECTIVE ASSISTANCE OF COUNSEL
¶4. In his third issue on appeal, Beal argues that his trial counsel was ineffective for failing to raise the issue of Beal’s initial appearance. According to Beal’s brief, his initial appearance occurred six days after his arrest in violation of Rule 6.03 of the Uniform Rules of Circuit and County Court, which requires an initial appearance within forty-eight hours of arrest.
*711 ¶ 5. Prisoners alleging ineffective assistance of counsel in a motion for post-conviction relief must show the elements of the claim with specificity and detail. Sandifer v. State, 799 So.2d 914, 918 (¶ 12) (Miss.Ct.App.2001). Specifically, Beal must allege facts showing his counsel’s performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
¶ 6. As previously discussed, by pleading guilty, Beal waived any challenge to his initial appearance. We cannot find that Beal’s attorney was deficient in failing to raise this issue during Beal’s guilty plea hearing. Furthermore, Beal has failed to state with particularity how his counsel’s performance was deficient and any resulting prejudice. This issue is without merit.
IV. VOLUNTARINESS OF GUILTY PLEA
¶ 7. In his final issue on appeal, Beal argues that the timing of his initial appearance influenced his decision to enter a guilty plea. Other than this single assertion, Beal offers no facts to support his claim that the timing of his initial appearance had any bearing on his guilty plea. A plea is considered “voluntary and intelligent” if the defendant is advised regarding the nature of the charge against him and of the consequences of the guilty plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). According to the plea colloquy, Beal admitted that he was guilty of statutory rape. Beal was also informed of the effect of the plea, the rights he would waive if he pleaded guilty, and the possible sentence he could receive. This issue is without merit.
¶ 8. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
IRVING AND GRIFFIS, P. JJ., MYERS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.