FAIR, J.,
for the Court:
¶ 1. Jessie Beal was convicted of statutory rape- in the Madison County Circuit Court and sentenced to serve twenty-three years in the Mississippi Department of Corrections. The dismissal of Beal’s first motion for post-conviction relief was affirmed by this Court last year.[1] Beal now appeals the dismissal of his second motion for post-conviction relief asserting that his *164 guilty plea was not knowingly and intelligently entered and that the State’s pre-indictment delay violated his due-process rights. Finding that Beal’s motion was barred as a successive writ, we affirm.
STANDARD OF REVIEW
¶ 2. We review the dismissal of a motion for post-conviction relief for abuse of discretion. Burrough v. State, 9 So.3d 368, 371 (¶ 6) (Miss.2009) (citing Billiot v. State, 655 So.2d 1, 12 (Miss.1995)). The circuit court may summarily dismiss a motion for post-conviction relief “if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Id. (quoting Miss.Code Ann. § 99-39-11(2) (Rev.2007)).
DISCUSSION
¶ 3. Under section 99-39-23(6) of the Mississippi Code Annotated (Supp.2012), an order dismissing a motion for relief is a final judgment and “shall be a bar to a second or successive motion under this article.” However, the Mississippi Supreme Court has held that “errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act].” Rowland v. State, 42 So.3d 503, 507 (¶ 12) (Miss.2010).
¶ 4. But merely asserting a the violation of a constitutional right is insufficient to overcome the procedural bars. Means v. State, 43 So.3d 438, 442 (¶ 12) (Miss.2010). “There must at least appear to be some basis for the truth of the claim before the [procedural bar] will be waived.” Id. (quoting Crosby v. State, 16 So.3d 74, 79 (¶ 10) (Miss.Ct.App.2009)). We must review the record to determine whether there is any arguable basis for Beal’s claim that his constitutional rights were violated.
1. Guilty Plea
¶ 5. Beal argues that because the trial court failed to inform him that entering a guilty plea would waive his constitutional right against self-incrimination, his plea was not knowingly and intelligently entered.
¶ 6. We observe that the voluntariness of Beal’s guilty plea was raised and adjudged in his prior motion for post-conviction relief. This Court has already determined that the trial court advised Beal of his constitutional rights and thoroughly questioned him regarding his desire to plead guilty. Further, the plea colloquy clearly demonstrates that the trial judge did inform Beal of his right against self incrimination:
Q: You would also have the right to remain silent, and the court would instruct the jury that no adverse inference could be drawn from your decision not to testify. Do you understand those rights?
A: Yes.
[[Image here]]
Q: Do you understand that by pleading guilty, you will be waving those constitutional rights?
A: Yes.
¶ 7. As Beal’s claim is not supported by the record evidence, it cannot be excepted from the procedural bar.
2. Pre-Indictment Delay
¶ 8. Beal next asserts that the State’s pre-indictment delay prejudiced his defense and violated his right to due process.
¶ 9. In Hooker v. State, 516 So.2d 1349, 1351 (Miss.1987), the Mississippi Supreme Court stated: “The various statutes of limitations constitute the principal device protecting against delay in the indict *165 ment or arrest.” But a criminal defendant’s Fifth and Sixth Amendment rights before trial are not fully defined by the applicable statute of limitations. Id. “The Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to [the defendant’s] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused.” United States v. Marion, 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). To determine if actual prejudice has occurred, three factors should be considered: “the length of the delay, the reason for the delay, and the prejudice which the delay may have caused the accused.” United States v. Shaw, 555 F.2d 1295, 1299 (5th Cir.1977).
¶ 10. Here, the investigation was delayed because the victim was pregnant, and the State waited to indict until the baby was delivered and DNA tests could be performed to determine paternity. Beal asserts that this delay prejudiced his defense because the DNA results could prove his guilt. He does not provide any proof that the delay was an intentional device to gain a tactical advantage.
¶ 11. “[Pjrosecutors do not deviate from fundamental conceptions of justice when they defer seeking indictments until they have probable cause to believe an accused is guilty....” United States v. Lovasco, 431 U.S. 783, 790-91, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). The United States Supreme Court has held “to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by lapse of time.” Id. at 796, 97 S.Ct. 2044.
¶ 12. We find that Beal has failed to demonstrate any arguable basis for his claim. Therefore, nothing in his motion excepted it from the successive-writ procedural bar. We find no abuse of discretion in the trial court’s dismissal of Beal’s motion for post-conviction relief.
¶ 13. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, PJJ, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.

. See Beal v. State, 58 So.3d 709, 711 (¶ 8) (Miss.Ct.App.2011).