BARNES, J.,
for the Court:
¶ 1. On January 17, 2009, Scooter L. Robinson escaped from police custody in Pearl River County, Mississippi. Local law enforcement agencies were notified of Robinson’s escape and worked together to determine his whereabouts. 'The Mississippi Highway Patrol (MHP) encountered Robinson on the highway and a high-speed pursuit followed. Robinson eventually pulled over, but when Trooper Paul Fernandez asked Robinson (the driver) to step out the car, he sped off. Trooper Fernandez notified local law enforcement of Robinson’s location, and they set up a roadblock. Approaching the roadblock and still in high-speed pursuit, MHP rammed Robinson’s car in an attempt to stop the vehicle.'
¶ 2. When Robinson attempted to go around the roadblock, law enforcement shot at the car’s tires in order to disable the vehicle. A deputy with the Pearl River County Sheriffs Department, Donnie Saucier, approached the vehicle. Initially, he went to the passenger side and shot into the front-right tire. Deputy Saucier then went to the driver’s side, calling Robinson by name and warning him to stop. Robinson, however, was still trying to maneuver the car to escape. Deputy Saucier reached into the car and grabbed Robinson by his shirt, attempting to apprehend him. Robinson pulled the deputy partially into the vehicle, hit the accelerator, and began dragging the officer. Fearful for his life, Deputy Saucier fired a shot into Robinson’s left thigh, and Robinson released him. Deputy Saucier fell to the pavement, sustaining “minor scrapes and bruises.” Law enforcement continued to pursue Robinson, whose car now had four flat tires. Trooper Fernandez hit the vehicle again, and Robinson finally stopped and surrendered to authorities.
¶ 3. On May 14, 2010, Robinson was 1 indicted for failure to stop a motor vehicle upon signal by law enforcement and aggravated assault on a peace officer in violation of Mississippi Code Annotated sections 97-9-72(2) and 97-3-7(2) (Rev.2006), respectively. The indictment was later amended at trial to reflect Robinson’s habitual-offender status under Mississippi Code Annotated section 99-19-83 (Rev.2007).[1] Pri- *920 or to trial, various motions were addressed by the trial court. Robinson filed a motion for a continuance in order to retain new counsel, which the trial court denied. The trial judge also considered Robinson’s motion to dismiss for lack of a speedy trial, based on the three-year delay between his arrest and the trial. The trial court concluded that Robinson suffered no prejudice as a result of the delay and denied the motion. After a jury trial on June 5-6, 2012, Robinson was convicted on both counts and received two concurrent life sentences as a habitual offender in the custody of the Mississippi Department of Corrections, without eligibility for parole or early release. After the trial court denied Robinson’s motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, Robinson filed a timely notice of appeal.
¶ 4. The Mississippi Office of State Public Defender represents Robinson on appeal. Robinson’s appellate attorney filed a brief pursuant to Lindsey v. State, 939 So.2d 743, 748 (¶ 18) (Miss.2005), stating that there were no “arguable issues which could be presented to [this] Court on Scooter L. Robinson’s behalf[.]” Counsel also submitted a motion for additional time to be given in order to provide Robinson an opportunity .to file a pro se brief. This motion was granted, and Robinson was given until January 28, 2013, to file his pro se brief. On January 28, 2013, Robinson filed a motion for additional time to file his brief. Robinson’s motion was granted, and Robinson filed his pro se appellant’s brief on March 28, 2013, raising several issues.
DISCUSSION
¶ 5. Under the requirements set forth in Lindsey, if counsel for the appellant finds no arguable issues on appeal, he is responsible for filing a brief stating that he has thoroughly reviewed the record and has found nothing to support an appeal. Lindsey, 939 So.2d at 748 (¶ 18). Counsel must then send the defendant a copy of the brief, informing the client that counsel found no arguable issue for an appeal, and advise the client of his right to file a pro se brief. Id. “If the defendant raises any arguable issue in his pro se brief, or if the appellate court finds any arguable issues upon its independent review of the record, the appellate court must, if circumstances warrant, require counsel to file supplemental briefing on the issue.” Jackson v. State, 121 So.3d 313, 317 (¶ 4) (Miss.Ct.App.2013) (citing Lindsey, 939 So.2d at 748 (¶ 18)).
¶ 6. In the present case, Robinson’s appellate attorney filed a brief indicating that he had “diligently searched the procedural and factual history of this criminal action and scoured the record, searching for any arguable issues” that could be presented in good faith, but found none. Counsel asserted that he examined: (1) the reason for Robinson’s arrest and the circumstances surrounding his arrest; (2) possible violations of Robinson’s right to counsel; (3) the trial transcript; (4) all rulings by the trial court; (5) any possible prose-cutorial misconduct; (6) all jury instruc *921 tions; (7) all exhibits, whether admitted into evidence or not; (8) possible misapplication of the law in sentencing; (9) the indictment and all pleadings in the record; (10) any possible issues involving ineffective assistance of counsel; (11) any issues involving “jury selection, possible dismissal, voir dire, misconduct affecting the jury, jury composition, improper influences, [or] failure to disclose”; (12) any speedy trial issues; (13) any sentencing issues, especially relating to the amended indictment charging the defendant as a habitual offender; and (14) any other potential reviewable issues.
¶ 7. Robinson subsequently filed a pro se brief, in which he claims that: (1) he was denied a speedy trial; (2) the trial court erred in denying his motion for new counsel; (3) he was denied an initial appearance or preliminary hearing; (4) the trial court erred by not affording Robinson a proper sentencing hearing; and (5) his due-process rights were violated by the unreasonable delay between the arrest and indictment. After a thorough review of the record and Robinson’s contentions, we find no arguable issues on appeal that would warrant supplemental briefing, and we affirm the trial court’s judgment.
I. Whether the trial court erroneously denied Robinson’s motion to dismiss for lack of a speedy trial.
¶ 8. Robinson filed a pretrial motion to dismiss for lack of a speedy trial, arguing that he was not given the benefit of counsel between his arrest on January 17, 2009, and his arraignment on October 19, 2011. Thus, he claimed that it was over two years before he was notified of the charges against him. The trial court denied the motion.
¶ 9. Mississippi Code Annotated section 99-17-1 (Rev.2007) states: “Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.” The “[r]eview of a speedy trial claim involves a question of fact: whether the trial delay arose from good cause.” Bonds v. State, 938 So.2d 352, 355 (¶ 7) (Miss.Ct.App.2006) (citing Flora v. State, 925 So.2d 797, 814 (¶ 58) (Miss.2006)). The right to a speedy trial has a threefold purpose:
(1) to protect the accused against oppressive pretrial imprisonment; (2) to relieve the accused of the anxiety and public suspicion due to an unresolved criminal charge; and (3) to protect against the risk that evidence will be lost or memories dimmed by the passage of time[,] thus impairing a defendant’s ability to defend himself or herself.
Id. at 356 (¶ 8). In Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court provided a four-part balancing test for ascertaining whether a defendant’s right to a speedy trial has been violated. The four factors are: (1) length of the delay; (2) the reason for the delay; (3) the defendant’s assertion of his right to a speedy trial; and (4) prejudice to the defendant.
¶ 10. On appeal, Robinson argues that when the trial court considered his motion for a speedy trial, it neglected to conduct a “detailed analysis” of the factors set forth in Barker. He claims that he was denied his constitutional right to a speedy trial and that the charges should have been dismissed.
¶ 11. We find that Robinson’s argument is not supported by the record. Ruling on the motion, the trial court acknowledged that the length of delay was sufficient to trigger an analysis under *922 Barker. See Bonds, 938 So.2d at 356 (¶ 10) (“An eight-month delay between arrest and trial has been found to be presumptively prejudicial.” (citing Smith v. State, 550 So.2d 406, 408 (Miss.1989))). With regard to the second factor, the trial judge opined that the delay in this specific instance was not “deliberate,” although he considered this factor to be “neutral.”
 ¶ 12. As to Robinson’s assertion of his right to a speedy trial, the record reflects that Robinson filed a pro se motion to dismiss for violation of his right to a speedy trial on May 23, 2011, along with a “Motion for a Fast and Speedy Trial,” which merely requested a trial within 270 days of his arraignment. Robinson was subsequently arraigned on October 19, 2011. Defense counsel submitted a motion on October 21, 2011, demanding a speedy trial, or in the alternative, a dismissal of the charges. Robinson filed another pro se motion to dismiss due to a speedy-trial violation on February 14, 2012. During the pretrial hearing, the trial judge noted that while Robinson had filed “motions pertaining to speedy trial[,] ... a motion does not equate to an assertion.” See Moffett v. State, 49 So.3d 1073, 1087 (¶ 39) (Miss.2010) (“[T]he filing of a motion to dismiss does not equate to an assertion of the right to a speedy trial.”); Stark v. State, 911 So.2d 447, 452 (¶ 27) (Miss.2005) (“[A] demand for dismissal for violation of the right to speedy trial is not the equivalent of a demand for speedy trial. Such a motion seeks discharge[,] not trial.” (quoting Perry v. State, 637 So.2d 871, 875 (Miss.1994))). “The assertion of the right to a speedy trial is an active assertion, not passive.” Craig v. State, 45 So.3d 699, 705 (¶ 10) (Miss.Ct.App.2010). The trial judge acknowledged that defense counsel did assert Robinson’s right to a speedy trial in October 2011, after Robinson’s arraignment, and stated that “[t]he factor is duly considered.”[2]
¶ 13. Addressing the final Barker factor, he concluded: “Finally!,] in addressing the prejudicial effect, I find the record is devoid of any lost evidence or unavailability of witnesses as to how the defense would be specifically impaired.” The trial judge also noted that “incarceration alone is not sufficient in and of itself to establish Barker prejudice.” We agree with the trial court’s finding that there was “no specific prejudice or problems resultant from [Robinson’s] incarceration or ... the delay.” Robinson pleaded guilty to other felony charges in July 2009; therefore, he was convicted and in custody on those charges during this period. See Brengettcy v. State, 794 So.2d 987, 994-95 (¶ 20) (Miss.2001) (If a defendant is “already in jail on unrelated charges,” any prejudice suffered under Barker “that could have arisen merely from interference with his liberty is alleviated.”). Since Robinson was incarcerated on other convictions during this period, any delay did not result in “oppressive pretrial imprisonment.”
¶ 14. Accordingly, we find no arguable issue raised by Robinson on appeal, as it is evident from the record that the trial judge thoroughly and properly considered the Barker factors when addressing Robinson’s motion to dismiss for lack of a speedy trial.
II. Whether the delay between Robinson’s arrest and indictment resulted in prejudice to Robinson.
¶ 15. Robinson also contends that the sixteen-month delay between his arrest and his indictment resulted in prejudice, as it allowed the State to use the *923 convictions that occurred in the interim to be used to enhance his sentence.[3] In Beal v. State, 118 So.3d 162, 165 (¶ 9) (Miss.Ct.App.2012), this Court held:
The Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to the defendant’s rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused. To determine if actual prejudice has occurred, three factors should be considered: the length of the delay, the reason for the delay, and the prejudice which the delay may have caused the accused.
Id. (internal citations omitted).
¶ 16. The original indictment did not classify Robinson as a habitual offender; the State filed its motion to amend the indictment to include habitual-offender status on May 15, 2012. Rule 7.09 of the Uniform Rules of Circuit and County Court provides in pertinent part:
All indictments may be amended ... to charge the defendant as [a] habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement.... Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.
Robinson had ample notice that his convictions could be used to enhance his sentence; he pleaded guilty to the charges in July 2009, and was served with the State’s pretrial motion to amend three weeks before trial. Thus, Robinson has failed to demonstrate any “unfair surprise” or prejudice suffered by him as a result of the delay.[4]
¶ 17. Furthermore, “there is ‘no requirement that a prior felony conviction used to enhance a sentence must have been entered before the crime occurred for which the sentence is to be pronounced.’ The only date requirement in the statute is that the enhancing conviction precede the new conviction.” Foxworth v. State, 94 So.3d 1178, 1182 (¶¶ 9-10) (Miss.Ct.App.2011) (quoting Sims v. State, 775 So.2d 1291, 1293 (¶¶ 12-13) (Miss.Ct.App.2000)). Therefore, we find that this claim is without merit.
III. Whether the trial court erred in denying Robinson’s motion for new counsel and a continuance.
¶ 18. On the day of trial, Robinson moved to appoint new counsel and to continue the trial until such time as he could hire new counsel. The trial court denied the motion, and Robinson appeals, claiming plain error. However, Robinson does not cite any authority to support his argument. The failure to cite any relevant authority operates as a procedural bar, and “obviates the appellate court’s obligation to review such issues.” Kleckner v. State, 109 So.3d 1072, 1080 (¶ 12) (Miss.Ct.App.2012) (quoting Taylor v. State, 754 So.2d 598, 603-04 (¶ 12) (Miss.Ct.App.2000)).
*924 ¶ 19. Notwithstanding the procedural bar, “[t]he denial of a last minute request for a continuance to retain new counsel is within the trial court’s discretion.” Ousley v. State, 984 So.2d 996, 999 (¶ 7) (Miss.Ct.App.2007) (citation omitted). The trial court’s decision to deny the motion will only be reversed if “it appears to have resulted in ‘manifest injustice.’ ” Id. Before ruling, the trial court thoroughly questioned Robinson and defense counsel. Robinson argued that defense counsel conspired with the State to coerce him into a plea agreement (ten years for aggravated assault). It was acknowledged that he had been offered a plea agreement and that he rejected the deal. Defense counsel explained that she had tried to work with the defendant, but acknowledged that “we do not always agree what’s in his best interest.” The trial judge denied Robinson’s motion, stating that he knew counsel to be “fully competent, fully prepared, [and] fully capable” and concluding that counsel’s representation of Robinson did not warrant removing her from the case.
¶ 20. We find no manifest injustice resulted from the denial of Robinson’s last-minute motion for a continuance to obtain new counsel.
IV. Whether Robinson was entitled to an initial appearance or preliminary hearing.
¶ 21. Defense counsel argued for dismissal at the pretrial hearing, claiming that Robinson was prejudiced by the court’s failure to afford Robinson an initial appearance or a preliminary hearing. The State argued that Robinson had suffered no prejudice as a result of not being afforded his initial appearance. The trial court concluded that any error was harmless. On appeal, Robinson claims that he was denied his due-process rights because he was not given an initial appearance or preliminary hearing before the trial court.
¶ 22. Rule 6.03 of the Uniform Rules of Circuit and County Court states that “[e]very person in custody shall be taken, without unnecessary delay and within 48 hours of arrest, before a judicial officer or other person authorized by statute for an initial appearance.” However, the “failure to follow the exact procedure of Rule 6.03 does not necessarily result in a Fourth Amendment violation.” Pugh v. State, 101 So.3d 682, 690 (¶ 31) (Miss.Ct.App.2012) (quoting Lawrence v. State, 869 So.2d 353, 356 (¶ 12) (Miss.2003)). Nor does a defendant’s failure to receive “a prompt initial appearance” entitle him to a reversal of his conviction. Roach v. State, 938 So.2d 863, 866 (¶ 5) (Miss.Ct.App.2006) (citing Chapman v. California, 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). Robinson was incarcerated on other charges between the date of his arrest and his trial.[5] We can find no prejudice that resulted from the failure to provide Robinson with an initial appearance.
¶23. Furthermore, Robinson was indicted on May 14, 2010. As the State noted at the hearing, an indictment removes the necessity for a preliminary hearing. “[O]nce a defendant has been indicted by a grand jury, the right to a preliminary hearing is deemed waived.” Mayfield v. State, 612 So.2d 1120, 1129 (Miss.1992). This issue is without merit.
V. Whether the trial court committed error by sentencing Robinson in the presence of the jury without benefit of a separate hearing.
¶ 24. Robinson argues that since he was a habitual offender, he should have been *925 afforded a separate hearing for sentencing pursuant to Uniform Rule of Circuit and County Court 11.03, which states: “In cases involving enhanced punishment for subsequent offenses under state statutes: ... If the defendant is convicted or enters a plea of guilty on the principal charge, a hearing before the court without a jury will then be conducted on the previous convictions.”
¶ 25. However, since Robinson failed to request a separate hearing before the trial court, this issue is procedurally barred from review. “When a petitioner fails to request a separate hearing at the time of sentencing, he is precluded from raising that point on appeal, even if there is substantive merit to the petitioner’s argument.” Middleton v. State, 49 So.3d 161, 163 (¶ 4) (Miss.Ct.App.2010) (quoting Rucker v. State, 955 So.2d 958, 960 (¶ 6) (Miss.Ct.App.2007)).
¶26. Regardless, Robinson’s argument is without merit. Although the jury was present when he was sentenced by the court under section 99—19—83, the State filed its motion to amend the indictment three weeks prior to trial, and the trial judge granted the motion during the pretrial motion hearing. Therefore, Robinson’s prior convictions used to support his habitual status were discussed and considered outside the presence of the jury. Consequently, the sentencing of Robinson in the presence of the jury did not result in any prejudice to Robinson since his habitual-offender status had already been determined.
CONCLUSION
¶ 27. After reviewing the issues in Robinson’s pro se brief, we find no arguable issues in support of his appeal, and we affirm Robinson’s convictions and sentences.
¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY OF CONVICTION OF COUNT I, FAILURE TO STOP A MOTOR VEHICLE, AND COUNT II, AGGRAVATED ASSAULT OF A PEACE OFFICER, AND SENTENCE ON EACH COUNT AS A HABITUAL OFFENDER TO LIFE WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, WITH THE SENTENCES TO RUN CONCURRENTLY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HANCOCK COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Section 99-19-83 provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended *920 nor shall such person be eligible for parole or probation.
The State's motion to amend the indictment to include habitual status noted that on May 15, 2002, Robinson was convicted of two felonies: burglary of a dwelling and aggravated assault. He was sentenced to fifteen years and ten years in the custody of the Mississippi Department of Corrections (MDOC), respectively. The motion also stated that, on July 13, 2009, Robinson pleaded guilty to possession of precursor chemicals, and he was sentenced to fifteen years in the custody of the MDOC, with five years to serve, and ten years under post-release supervision.

. Robinson's trial was held 230 days after his arraignment.

. Robinson was arrested on the current charges in January 2009; he was indicted in May 2010. In the interim, Robinson pleaded guilty to four charges in July 2009: (1) possession of a precursor chemical, (2) possession of a controlled substance with intent to distribute, (3) fleeing from law enforcement, and (4) felony escape.

. Although there were two felony convictions from 2002 listed in the motion to amend the indictment, they could not be used as the sole support for Robinson's status as a habitual offender under the requirements of section 99-19-83, as the 2002 charges were not “separately brought” and did not "aris[e] out of separate incidents.”

. On July 13, 2009, Robinson pleaded guilty to the drug-related charges pending against him and to the charge of escape.