# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00498-COA

**JESSIE T. BEAL A/K/A JESSIE BEAL**                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                             **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/06/2015 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JESSIE T. BEAL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED PETITION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 02/09/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     On May 27, 2009, Jessie Beal pled guilty to statutory rape in violation of Mississippi Code Annotated section 97-3-65(1)(a) (Rev. 2014). He was sentenced to twenty-three years in the custody of the Mississippi Department of Corrections.

¶2.     Beal filed his first petition for post-conviction relief (PCR) in circuit court a little over seven months later. The circuit court dismissed Beal's petition, and this Court affirmed in *Beal v. State*, 58 So. 3d 709 (Miss. Ct. App. 2011). This Court also affirmed the circuit court's dismissal of Beal's second PCR petition. *See Beal v. State*, 118 So. 3d 162 (Miss. Ct.

App. 2012).

¶3.     Beal now appeals the circuit court's dismissal of his third PCR petition. He claims that his indictment violated his rights against double jeopardy and that his counsel was ineffective. Finding no error, we affirm.

## STANDARD OF REVIEW

¶4.     "[An appellate court] review[s] the dismissal or denial of a PCR [petition] for abuse of discretion" and will reverse only if the circuit court's decision is clearly erroneous. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012) (citing *Crosby v. State*, 16 So. 3d 74, 77 (¶5) (Miss. Ct. App. 2009)). A PCR movant bears the burden of showing he is entitled to relief by a preponderance of the evidence. *Wilkerson v. State*, 89 So. 3d 610, 613 (¶7) (Miss. Ct. App. 2011). We will affirm the summary dismissal of a PCR petition if the movant fails to demonstrate "a claim procedurally alive substantially showing the denial of a state or federal right." *Id*. at 614 (¶7).

## DISCUSSION

¶5.     The circuit court dismissed Beal's petition, finding it was time-barred and successive-writ barred. In *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010), however, the Mississippi Suprme Court held that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]." Beal's double-jeopardy claim falls within that exception. *See id.* at 508 (¶14).

    **1. Double Jeopardy**

¶6. "Double jeopardy consists of three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after a conviction, and (3) protection against multiple punishments for the same offense." *Powell v. State*, 806 So. 2d 1069, 1074 (¶8) (Miss. 2001).

¶7. Beal argues that he was subjected to double jeopardy because he was indicted a second time for the same crime found in a prior indictment that had been nolle prosequied. He uses the general affidavit (dated June 30, 2008) from the Madison County/City of Canton Municipal Court to show that his statutory-rape charge was nolle prosequied. The later indictment that resulted in his guilty plea was brought October 8, 2008, and states that the July 2008 grand jury was recalled September 10, 2008.[1]

¶8. Our supreme court has held that "the State can re-indict an accused for the same offense after an order of nolle prosequi has been entered." *State v. Shumpert*, 723 So. 2d 1162, 1165 (¶16) (Miss. 1998); *see also Beckwith v. State*, 615 So. 2d 1134, 1145-48 (Miss. 1992) (holding that a nolle prosequi order is not an actual acquittal or conviction on the merits to bar another prosecution).

¶9. Beal was not acquitted, nor was he even tried. He was not prosecuted a second time

---

[1] In Beal's second PCR petition, he alleged that the State delayed indicting him, which prejudiced his defense. *See Beal II*, 118 So. 3d at 164 (¶8). This Court found that "the investigation was delayed because the victim was pregnant, and the State waited to indict until the baby was delivered and DNA tests could be performed to determine paternity." *Id*. at 165 (¶9).

because of his guilty plea and resulting conviction. Nor did he receive multiple punishments. Thus, we find no merit to Beal's claim that his indictment subjected him to double jeopardy.

### 2. Ineffective Assistance of Counsel

¶10. "The Supreme Court has not held that an ineffective-assistance-of-counsel claim invokes a 'fundamental right' that circumvents all procedural bars that apply to PCR motions." *Riley v. State*, 150 So. 3d 138, 140 (¶8) (Miss. Ct. App. 2014). This issue is procedurally barred.

¶11. In the alternative, it is without merit. Beal argues that his counsel was ineffective because he failed to raise the double-jeopardy claim. Because Beal's double-jeopardy clam fails, so does his ineffective-assistance-of-counsel claim.

¶12. **THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, JAMES AND WILSON, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT. GREENLEE, J., NOT PARTICIPATING.**