# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00007-COA

**JESSIE T. BEAL A/K/A JESSIE BEAL**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                          **APPELLEE**

DATE OF JUDGMENT:              12/07/2017
TRIAL JUDGE:                        HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:  MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      JESSIE T. BEAL (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                                    BY:  ABBIE EASON KOONCE
NATURE OF THE CASE:            CIVIL - POSTCONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 09/11/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., BARNES AND CARLTON, JJ.

### CARLTON, J., FOR THE COURT:

¶1.     On May 27, 2009, Jessie Beal pleaded guilty to statutory rape in Madison County Circuit Court.  He was sentenced to twenty-three years in the custody of the Mississippi Department of Corrections (MDOC).  Beal now appeals the dismissal of his fourth motion for postconviction relief (PCR).  Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     Beal was arrested for statutory rape of a child in violation of Mississippi Code Annotated section 97-3-65(1)(a) (Rev. 2014) on May 12, 2008.  Beal's first indictment was nolle prosequied on June 30, 2008, and he was released on bond to await further action by the Madison County grand jury.  A later indictment was brought on October 8, 2008.  This

indictment provides that the July 2008 grand jury was recalled on September 10, 2008. As found by this Court in addressing one of Beal's prior PCR motions, "the investigation was delayed because the victim was pregnant, and the State waited to indict until the baby was delivered and DNA tests could be performed to determine paternity." *Beal v. State*, 118 So. 3d 162, 165 (¶10) (Miss. Ct. App. 2012) (*Beal II*).

¶3.     Beal pleaded guilty to the statutory rape charge on May 27, 2009. The State described the factual basis for Beal's arrest and statutory rape charge at his guilty-plea hearing as follows:

> [O]n or about the 25th day of April, 2008, the Department of Human Services was notified about a minor child who at that time was [fifteen], but would have been [fourteen] at the time. She . . . tested positive at the school for being pregnant. The Department of Human Services went to the school where they interviewed the minor child . . . . That female child . . . related to the Department of Human Services that she had had sex with the defendant, that the defendant resided in the same home that she was residing, which at that time was with her aunt. At that time, the Canton Police Department was also notified, based upon statements made by the victim in this case. A warrant was issued for Mr. Beal's arrest. Mr. Beal . . . would have been [thirty-five] years of age at the time that this child was conceived. That conception date would have been between October 1st, 2007, and October 31st, 2007.
>
> A DNA sample was taken of the child once the child was born in July. That sample was compared with the beucle (phonetic) swab, which was retrieved from this defendant, Mr. Jessie Beal. The State, if this case went to trial, [it] would call Dr. Bo Scales. Dr. Scales would testify that, based upon the DNA testing that he performed, that the probability of paternity in this case is 99.99 percent as compared to an untested, unrelated man of the same race. So based upon the statements of the victim in this case and the DNA testing of the child that was conceived, the State would show that they did in fact have sexual intercourse between those dates listed in the indictment and that that sexual intercourse did occur in Madison County, and that this defendant was

2

more than thirty-six months older than the victim. By a sentencing order dated July 8, 2009, the trial court sentenced Beal to twenty-three years in the custody of the MDOC.

¶4. To date, Beal has filed four PCR motions. Beal filed his first PCR motion on December 28, 2009, alleging that he was denied his right to a timely initial appearance; his trial counsel was ineffective; and his guilty plea was involuntary. The trial court dismissed his motion. Beal appealed, arguing that his constitutional rights were violated when he was not given a timely initial appearance; his trial counsel was ineffective because he failed to raise this issue; and his guilty plea was involuntary because it was influenced by the timing of his initial appearance. This Court affirmed the trial court's judgment, finding that each of the issues Beal raised were without merit. *Beal v. State*, 58 So. 3d 709, 710-11 (¶¶3-7) (Miss. Ct. App. 2011) (*Beal I*).

¶5. Beal filed his second PCR motion on November 2, 2011, alleging that the State's pre-indictment delay prejudiced his defense and that his guilty plea was not knowingly and intelligently entered. The trial court dismissed Beal's second PCR motion as a successive writ. Beal appealed, arguing that his constitutional rights were violated due to the State's pre-indictment delay and that his guilty plea was invalid because he did not knowingly waive his right against self-incrimination. This Court affirmed the trial court's judgment, finding that Beal had no arguable basis for either of his claims, and thus his second PCR motion was not excepted from the successive-writ procedural bar. *Beal II*, 118 So. 3d at 164-65 (¶¶3-12).

¶6. On February 2, 2015, Beal filed his third PCR motion, alleging that his indictment violated his rights against double jeopardy and that his trial counsel was ineffective because he did not raise this issue. The trial court dismissed Beal's third PCR motion as time-barred and as a successive writ. Also, in its order allowing Beal to proceed in forma pauperis on appeal, the trial court, in relevant part, placed Beal on notice of Mississippi Code Annotated section 47-5-138(3)(a) (Rev. 2011).[1] The trial court warned Beal of possible forfeiture of any earned time he had accumulated should any of his future filings "be determined by the Court to be frivolous, malicious, or [warranting] dismiss[al] for failure to state a claim upon which relief could be granted."

¶7. Beal appealed the trial court's judgment, arguing that he was subjected to double jeopardy because he was indicted a second time for the same crime found in a prior indictment that had been nolle prosequied. He also argued that his trial counsel was ineffective because he failed to raise the double-jeopardy claim. This Court affirmed the trial court's judgment, finding no merit in Beal's double-jeopardy claim because the Mississippi Supreme Court has held that "the State can re-indict an accused for the same offense after

---

[1] Section 47-5-138(3) allows MDOC to forfeit an inmate's earned time upon receipt of a "final order," that is defined as "an order of a state or federal court that dismisses a lawsuit brought by an inmate while the inmate was in the custody of the Department of Corrections as frivolous, malicious[,] or for failure to state a claim upon which relief could be granted." Miss. Code Ann. § 47-5-138(3)(a). Section 47-5-138(3) also provides that on receipt of a "final order," an inmate shall forfeit: (1) sixty days of an inmate's accrued earned time based on the first final order received; (2) 120 days earned time if MDOC has received two final orders; and (3) 180 days of earned time if MDOC receives three or more final orders. Miss. Code Ann. § 47-5-138(3)(b).

an order of nolle prosequi has been entered." *Beal v. State*, 186 So. 3d 943, 945 (¶8) (Miss. Ct. App. 2016) (*Beal III*) (quoting *State v. Shumpert*, 723 So. 2d 1162, 1165 (¶16) (Miss. 1998)). This Court also rejected Beal's ineffective-counsel claim as procedurally barred, as well as being without merit because it was based on his counsel's failure to raise the double-jeopardy claim, which the Court had already found was without merit. *Id.* at (¶¶10-11).

¶8. Beal filed his fourth PCR motion on November 21, 2017, alleging that there was no probable cause to arrest him in May 2008 on the statutory rape charge; that he was subjected to double jeopardy due to his indictment on the statutory rape charge that was in the prior indictment that had been nolle prosequied; and that he received ineffective assistance of counsel. The trial court dismissed Beal's fourth PCR motion as time-barred and as a successive writ, determining that Beal's motion did not fall within any exception to these procedural bars. In dismissing Beal's lawsuit, the trial court confirmed that in addition to reviewing Beal's fourth PCR motion and exhibits, the Court had also reviewed the files for Beal's three previous postconviction relief filings, each of which contain a copy of petitioner's criminal file, and the opinions rendered by the Mississippi Court of Appeals in relation to Beal's three previous postconviction relief filings, identified above as *Beal I*, *Beal II*, and *Beal III*.

¶9. The trial court also dismissed Beal's fourth PCR motion as frivolous and deemed it a "final order" for purposes of section 47-5-138(3)(a).[2] The trial court found that Beal's

---

[2] As noted above, under section 47-5-138(3), an inmate can lose accrued earned time if he files a lawsuit that is dismissed by a state or federal court as "frivolous, malicious[,] or

fourth PCR motion asserted essentially the same issues as those asserted in Beal's prior PCR motions, these prior PCR motions had been dismissed by the trial court, and each of those dismissals had been affirmed by the Mississippi Court of Appeals. The trial court also confirmed that it had placed Beal on notice of section 47-5-138(3)(a) in Cause No. 45CIl:15-cv-00048-c after his third PCR motion.

¶10.    Beal appeals the dismissal of his fourth PCR motion, asserting, pro se, that (1) his constitutional rights were violated because there was no probable cause to arrest him in May 2008; (2) he was subjected to double jeopardy when he was indicted a second time for the same crime found in a prior indictment that had been nolle prosequied; and (3) he received ineffective assistance of counsel because his counsel did not raise either of these issues.

## STANDARD OF REVIEW

¶11.    "When reviewing a trial court's decision to dismiss a petition for postconviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Stokes v. State*, 238 So. 3d 631, 633 (¶7) (Miss. Ct. App. 2018). "However, where questions of law are raised, the applicable standard of review is de novo." *Id.*

## DISCUSSION

### I.    Procedural Bars

¶12.    In its order dismissing Beal's fourth PCR motion, the trial court found that the motion

---

for failure to state a claim upon which relief could be granted." Miss. Code Ann. § 47-5-138(3)(a).

6

was both time-barred and barred as a successive writ. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides that PCR motions must be filed within three years after entry of the judgement of conviction where a guilty plea has been made. Miss. Code Ann. § 99-39-5(2) (Rev. 2015); *see Avery v. State*, 102 So. 3d 1178, 1180 (¶5) (Miss. Ct. App. 2012). Beal pleaded guilty to the statutory rape charge brought against him on May 27, 2009. The trial court's judgment of conviction was entered that same day, and on July 8, 2009, the trial court entered its sentencing order, sentencing Beal to twenty-three years in the MDOC. Beal's fourth PCR motion was not filed until November 21, 2017, over five years past the three-year limitations period. On its face, Beal's fourth PCR motion was untimely filed.

¶13. The UPCCRA also imposes a bar against successive writs. *See* Miss. Code Ann. § 99-39-23(6) (Rev. 2015) ("[A]ny order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article."). This appeal concerns Beal's fourth PCR motion. The trial court dismissed Beal's three prior PCR motions, and each of those dismissals were affirmed by this Court. Beal's fourth PCR motion is successive.

¶14. We recognize that errors affecting fundamental rights are excepted from the UPCCRA's procedural bars. *Rowland v. State*, 42 So. 3d 503, 507 (¶9) (Miss. 2010). However, "a mere assertion of a constitutional-right violation does not automatically

preclude the application of the procedural bars." *Stokes*, 238 So. 3d at 634 (¶10). In order to find an exception to a procedural bar, "there must at least appear to be some basis for the truth of the [movant's] claim[s]." *Id.* Beal, as the movant, bears the burden of proving an exception applies to the UPCCRA's procedural bars. *Brandon v. State*, 108 So. 3d 999, 1004 n.3, 1006 (¶¶12, 23) (Miss. Ct. App. 2013). As detailed below, the record reflects that Beal failed to meet this burden.

## II. Probable Cause for Beal's Arrest

¶15. Beal asserts that his constitutional rights were violated because there was no probable cause to arrest him in May 2008. As this Court explained in *Beal I*, "[u]pon the entry of a valid guilty plea, certain challenges are waived by the defendant." *Beal I*, 58 So. 3d at 710 (¶3). These include constitutional challenges made under the Fourth Amendment, such as Beal's probable-cause challenge here, and his "untimely initial appearance" challenge in *Beal I*. *See Battaya v. State*, 861 So. 2d 364, 365-66 (¶¶3-8) (Miss. Ct. App. 2003). Beal does not challenge the validity or voluntariness of his guilty plea. Just as this Court held that Beal waived his "untimely initial appearance" claim in *Beal I* upon entry of his guilty plea (*Beal I*, 58 So. 3d at 710 (¶3)), so too did Beal waive his probable-cause challenge now before this Court. *Battaya*, 861 So. 2d at 366 (¶¶7-8) ("From a constitutional . . . perspective, the issue [of lack of probable cause] is . . . waived by the entry of a guilty plea."); *see also Swilley v. State*, 93 So. 3d 901, 904 (¶¶7-9) (Miss. Ct. App. 2012).

¶16. Even if Beal had not waived his probable-cause challenge, we observe that Beal points

8

to no evidence in the record demonstrating that his arrest lacked probable cause. On the contrary, as set forth above, the record contains the State's recitation of the detailed factual basis supporting Beal's arrest and statutory rape charge presented at Beal's guilty plea hearing. We find no abuse of discretion in the trial court's determination that Beal failed to show that his probable-cause challenge constituted an exception to the UPCCRA's procedural bars.

### III.    Double Jeopardy

¶17.    Beal asserts he was subjected to double jeopardy when he was indicted a second time for the same crime found in a prior indictment that had been nolle prosequied. Beal asserted this identical claim in *Beal III*. This Court rejected Beal's double-jeopardy claim there as follows:

> Our supreme court has held that "the State can re-indict an accused for the same offense after an order of nolle prosequi has been entered." *State v. Shumpert*, 723 So. 2d 1162, 1165 (¶16) (Miss. 1998); *see also Beckwith v. State*, 615 So. 2d 1134, 1145-48 (Miss. 1992) (holding that a nolle prosequi order is not an actual acquittal or conviction on the merits to bar another prosecution).
>
> Beal was not acquitted, nor was he even tried. He was not prosecuted a second time because of his guilty plea and resulting conviction. Nor did he receive multiple punishments. Thus, we find no merit to Beal's claim that his indictment subjected him to double jeopardy.

*Beal III*, 186 So. 3d at 945 (¶¶8-9). This same holding applies to Beal's identical claim here.

### IV.    Ineffective Assistance of Counsel

¶18.    Beal asserts that he received ineffective assistance of counsel because his counsel did

9

not raise the probable-cause issue or the double-jeopardy issue at his guilty-plea hearing. We reject this assertion for the same reasons we rejected essentially the same assertion in *Beal I* and *Beal III*. First, Beal's ineffective-counsel claim is not excepted from the UPCCRA's procedural bars. *See Beal III*, 186 So. 3d at 945 (¶10); *see also Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000); *Gaulden v. State*, 240 So. 3d 503, 507 (¶9) (Miss. Ct. App. 2018).

¶19. Second, as we explained in *Beal I*, under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), "Beal must allege facts showing his counsel's performance was deficient, and that the deficient performance prejudiced his defense." *Beal I*, 58 So. 3d at 711 (¶5). Beal wholly failed to meet this requirement here, as he did not state with particularity how his counsel's performance was deficient, nor did he show any resulting prejudice.

¶20. Third, Beal's ineffective-counsel claim is based on his counsel's failure to raise the probable cause and double jeopardy issues at Beal's guilty-plea hearing. We have determined above that both of these claims fail on the merits. Beal's ineffective-counsel claim, based on these assertions, likewise fails. *See Beal III*, 186 So. 3d at 945 (¶11). For each of these reasons, we affirm the trial court's determination that Beal's ineffective-counsel claim is not an exception to the procedural bars applicable here.

### V. Dismissal of Beal's Fourth PCR Motion as Frivolous under Section 47-5-138(3)

¶21. The trial court also dismissed Beal's fourth PCR motion as frivolous under section 47-5-138(3) in light of (1) Beal's three prior PCR motions asserting essentially the same issues as those asserted here; (2) the trial court's dismissal of each of those motions; (3) this

Court's affirmance of each of those dismissals in *Beal I*, *Beal II* and *Beal III*; and (4) the trial court's determination that Beal's fourth PCR motion was also procedurally barred and lacked merit. As noted above, under section 47-5-138(3), an inmate can lose earned time if he files a motion that is frivolous, malicious, or fails to state a claim upon which relief can be granted. The trial court placed Beal on notice of section 47-5-138(3)'s ramifications in Cause No. 45CIl:15-cv-00048 relating to Beal's third PCR motion.

¶22.    Beal does not raise any issue or argument in his appellant's brief concerning the trial court's dismissal of his fourth PCR motion as frivolous under section 47-5-138(3)(a). Beal, therefore, has waived this issue. *In re B.A.H.*, 225 So. 3d 1220, 1239 (¶62) (Miss. Ct. App. 2016) (issues not raised in appellant's initial brief are waived);[3] *see Sanders v. State*, 678 So. 2d 663, 670 (Miss. 1996); *Claverie v. State*, No. 2017-CP-00433-COA, 2018 WL 1281526, at *7 (¶33) (Miss. Ct. App. Mar. 13, 2018).

¶23.    Even if Beal had not waived this issue, the Mississippi Supreme Court has held that a motion is "frivolous" for purposes of section 47-5-138(3) if the complaint does not have a "realistic chance of success"; fails to "present a sound basis in fact or law"; and no facts are shown "that would warrant relief." *Dock v. State*, 802 So. 2d 1051, 1056 (¶11) (Miss. 2001); *see Waddell v. State*, 999 So. 2d 375, 378-79 (¶¶13-14) (Miss. Ct. App. 2008). "A trial court's conclusion that a motion is frivolous is reviewed for abuse of discretion." *Dock*, 802 So. 2d at 1056 (¶11). We agree with the trial court that Beal's arguments are both

_____

[3] Beal did not file a reply brief.

procedurally barred and without merit. Accordingly, we find no abuse of discretion in the trial court's determination that Beal's fourth PCR motion was frivolous for purposes of section 47-5-138(3).

¶24. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**